**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>ERIK A. KUCERIS and<br>LINDA A. KUCERIS,<br><br>Debtors | Chapter 7<br>Case No. 13-11567-FJB |

**MEMORANDUM OF DECISION**

**I.    Overview**

The matter before the Court is the Objection to the Debtors' Claim of Exemption (the "Objection") filed by Donald R. Lassman (the "Trustee"), the chapter 7 trustee in the bankruptcy case of the debtors, Erik A. Kuceris and Linda A. Kuceris (the "Debtors" or "Mr. and Mrs. Kuceris").  By the Objection, the Trustee opposes the Debtors' claim of homestead exemption in real property in which Mr. Kuceris currently resides but in which neither of the Debtors resided or intended to reside at the time they filed their bankruptcy petition.  Following a hearing and for the reasons set forth below, the Court will enter a separate order sustaining the Trustee's Objection.

**II.    Background and Procedural History**

The facts are not in dispute.  In May 2007, Mr. Kuceris's mother, Valerija Kuceris, transferred real property located at 8 Oak Drive in Plainville, Massachusetts (the "Plainville Property") to Mr. Kuceris and his three siblings as tenants in common, retaining a life estate in the property for herself. Simultaneously, Valerija recorded a declaration of homestead in the Plainville Property.  The Debtors have never recorded a declaration of homestead in the Plainville Property.

On March 25, 2013, the Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code, commencing the present bankruptcy case.  Prior to and as of the March 25, 2015 petition date,

the Debtors resided at 870 Landry Avenue, Unit 9, North Attleboro, Massachusetts (the "North Attleboro Property").  In their initial Schedule A, the Debtors listed the North Attleboro Property as an asset valued at $150,000.  The Debtors also listed Mr. Kuceris's one-fourth interest in the Plainville Property, subject to the life estate of Valerija Kuceris.  The Debtors' Schedule A listed the value of Mr. Kucieris' interest in the Plainville Property minus a reduction for Valerija's life estate at $60,000.  It is undisputed that as of the petition date, neither of the Debtors occupied or intended to occupy the Plainville Property as their principle residence.

In their Schedule C, the Debtors elected to use the federal exemption scheme pursuant to 11 U.S.C. § 522(b)(2) and claimed a $26,000 exemption in the North Attleboro Property pursuant to 11 U.S.C. § 522(d)(1).  The Debtors also claimed an exemption under 11 U.S.C. § 522(d)(5) in the amount of $22,000 for:

> Personal property including cash, clothing, jewelry and all other property (includes pour over provision of real estate exemption to be used toward debtors' personal belongings, real estate subject to Life Estate, income tax refund and all other [assets]).

At some point following the petition date, the Debtors separated and moved out of the North Attleboro Property.  The Debtors were divorced in February 2015.  Mrs. Kuceris currently resides with her mother in an apartment in Attleboro, Massachusetts.  Mr. Kuceris now resides at the Plainville Property.[1]

On November 17, 2015, the Debtors filed a motion to convert the case to one under chapter 7 of the Bankruptcy Code, which motion the Court allowed on November 19, 2015.  The Trustee was subsequently appointed as chapter 7 trustee in the Debtors' bankruptcy case and continues to serve in that capacity.  Subsequent to the conversion, on November 25, 2015, the Debtors filed a motion to amend their schedules, which motion the Court allowed on December 22, 2015 when no objections

---

[1] While not stated in the record, it is implicit in the various pleadings that Valerija Kuceris is still living.  Therefore, the Court assumes that while Mr. Kuceris resides at the Plainville Property, he does so at the sufferance of his mother's life estate interest.

2

were filed. In their Amended Schedule C, the Debtors elected the state exemption scheme pursuant to 11 U.S.C. § 522(b)(3). Additionally, through their Amended Schedule C, the Debtors claimed a $125,000 exemption in the Plainville Property under the Massachusetts homestead statute.[2]

The post-conversion meeting of creditors took place on December 23, 2015. On January 21, 2016, the Trustee filed the instant Objection to the Debtors' claim of homestead exemption in the Plainville Property. The Court held a hearing on the Objection and took the matter under advisement.

III.     **Positions of the Parties**

    A.  **The Trustee**

The Trustee argues that the Debtors are not entitled to claim a homestead exemption in the Plainville Property because neither of the Debtors resided in or intended to reside in the Plainville Property as of the March 25, 2013 petition date. As a basis for this argument, the Trustee contends that a debtor's rights to exemptions are determined as of the time of filing the petition for bankruptcy relief. The homestead protection the Debtors' seek under MASS. GEN. LAWS ch. 188, § 4 is only available "for the benefit of the owner and the owner's family members who occupy or intend to occupy the home as a principal residence." As of the petition date, the Debtors resided in the North Attleboro Property and even affirmatively exempted their interest in the North Attleboro Property as their residence. There is no dispute that as of the petition date, the Debtors did not occupy the Plainville Property and had no intention of occupying the Plainville Property as their principal residence. Therefore, the Trustee contends, the Debtors had no right to claim an exemption in the Plainville Property at the time of the bankruptcy filing, and any subsequent conversion from one bankruptcy chapter to another or change in the Debtors' personal circumstances is irrelevant.

---

[2] The Amended Schedule C cites to MASS. GEN. LAWS ch. 188, § 1 for the exemption in the Plainville Property. The Debtors have clarified in their response to the Trustee's Objection that they are attempting to claim the automatic $125,000 homestead exemption under MASS. GEN. LAWS ch. 188, § 4.

3

The Trustee further argues that Valerija Kuceris, Mr. Kuceris's mother, may not claim an exemption in the Plainville Property. The Trustee argues that the Massachusetts homestead statute only protects an owner's interest in real property. Valerija Kuceris holds a life estate in the Plainville Property, not an ownership interest. Therefore, the Trustee argues, she is not entitled to a homestead exemption.[3]

### B. The Debtors

The Debtors respond to the Trustee's Objection with both a procedural argument and substantive argument. At the hearing on the Objection, the Debtors argued that the Trustee had waived his right to object to the Debtors' claim of homestead exemption in the Plainville Property when he failed to object to the Debtors' motion to amend their schedules. Regarding the merits of the Trustee's Objection, the Debtors do not dispute that as of the petition date, neither Mr. Kuceris nor Mrs. Kuceris resided in or intended to reside in the Plainville Property. Instead, they contest the Trustee's assertion that the petition date is always the controlling date for the determination of a debtor's entitlement to exemptions. The Debtors contend that where a debtor converts from chapter 13 to chapter 7, the Court should look to the conversion date rather than the petition date in determining a debtor's eligibility for exemptions, and they cite three cases that purportedly support this contention. There is no dispute that as of the November 19, 2015 conversion date, Mr. Kuceris occupied the Plainville Property as his principal residence. Accordingly, if the conversion date controls, as the Debtors argue it should, Mr. Kuceris is entitled to exempt his interest in the Plainville Property under 11 U.S.C. § 522(b)(3) and MASS. GEN. LAWS ch. 188, § 4.

---

[3] The Trustee has not joined Valerija Kuceris as a party to this contested matter. For clarification, the Court notes that the Debtors do not appear to be relying on the validity of Valerija's interest or possible exemption in the Plainville Property as a basis for claiming their own exemption in the Plainville Property.

IV.	Discussion

The Court will first address the Debtors' procedural argument that the Trustee waived his right to object to the Debtors' claim of exemption by not objecting to the motion to amend schedules. This argument is without merit. The Court's order allowing the amendment to the Debtors' schedules was not a ruling on the merits of the exemptions claimed therein. Federal Rule of Bankruptcy Procedure 4003(b)(1) provides, in relevant part, that, "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later." Fed. R. Bankr. P. 4003(b)(1). Federal Rule of Bankruptcy Procedure 1019(2)(B) provides, in relevant part, that in cases converted to chapter 7 from chapter 13, "[a] new time period for filing an objection to a claim of exemptions shall commence under Rule 4003(b) after conversion of a case to chapter 7[.]" Fed. R. Bankr. P. 1019(2)(B). In the instant case, the post-conversion meeting of creditors took place on December 23, 2015. The Trustee filed the Objection on January 21, 2016 within the 30 day deadline. Therefore, the Trustee's Objection was timely filed, and there was no waiver of the Trustee's right to object.

An order permitting an amendment to the list of exemptions merely permits a debtor to do just that: amend the list. Such an order does not put the validity of the exemptions at issue, and it does not affect the time period for objecting to the validity of those claimed exemptions, which is controlled by the rules cited above. Accordingly, the Court rejects the Debtor's procedural argument.

The Court will next address the Debtors' argument that a debtor's eligibility for exemptions is determined as of the date of conversion where a case is converted from chapter 13 to chapter 7. The commencement of a bankruptcy case creates an estate comprised of property in which the debtor holds an interest. *See* 11 U.S.C. § 541. Section 522(b) of the Bankruptcy Code permits an individual debtor to exempt certain property from the estate. Section 522(b)(3)(A) enables a debtor to exempt property

5

under state law "that is applicable *on the date of the filing of the petition*." *See* 11 U.S.C. § 522(b)(3)(A) (emphasis added). Section 348(a) provides, in part, that the "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title [. . .] does not effect a change in the date of the filing of the petition date[.]" 11 U.S.C. § 348(a). When read together, § 522(b)(3)(A) and § 348(a) appear to mandate that a debtor's eligibility for exemptions under § 522(b)(3) is determined as of the petition date. Moreover, the case law is replete with conclusory statements that appear to be determinative of the issue at hand: "[I]t is a basic principle of bankruptcy law that exemptions are determined when a petition is filed." *Pasquina v. Cunningham* (*In re Cunningham*), 513 F.3d 318, 324 (1st Cir. 2008) (quoting *In re Friedman*, 38 B.R. 275, 276 (Bankr. E. D. Pa. 1984) ("It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition.")); *Nealon v. Matthews* (*In re Nealon*), 2016 WL 312409, at *7 (1st Cir. BAP 2016) ("[A] debtor's entitlement to an exemption in a bankruptcy case is determined when the petition is filed."); *In re Ellis*, 446 B.R. 22, 24 (Bankr. D. Mass. 2011) ("Rights to exemptions are fixed as of the date of the petition."). Nevertheless, the case law has not been uniform when addressing the effect of chapter conversion on a debtor's entitlement to exemptions and how to deal with postpetition but pre-conversion changes in either the applicable state exemption law or the facts affecting a debtor's entitlement to exemptions.

The facts of this case resemble those underlying the Eight Circuit Court of Appeals decision, *In re Lindberg*, 735 F.2d 1087 (8th Cir. 1984), a case that arose not long after the 1978 enactment of the Bankruptcy Code. At the time they filed their chapter 13 petition, Layne and Barbara Jean Lindberg owned a home in New Town, North Dakota, where they resided, and a farm in Burke County, North Dakota. In their court filings, the Lindbergs listed both their home and the farm as assets and claimed a homestead exemption in their home. Subsequently, the Lindbergs moved from the home to the farm, the bankruptcy court converted the case to one under chapter 7 of the Bankruptcy Code, and the Lindbergs thereupon amended their schedules to claim a homestead exemption in their farm. The

6

chapter 7 trustee objected to the debtors' claim of a homestead exemption in the farm on the basis that the date of the filing of the chapter 13 petition determines what exemptions are available in a converted case and the Lindbergs did not reside in the farm on the petition date. The bankruptcy court overruled the trustee's objection and the Eighth Circuit eventually affirmed.

In its statutory analysis, the Eight Circuit conceded that when viewed together, the versions of § 348(a) and § 522 in effect at the time "appear[ed] to suggest that the date of the chapter 13 petition controls" a debtor's entitlement to exemptions. *In re Lindberg*, 735 F.2d at 1089. Nevertheless, the court held that equity required debtors to be allowed to claim their exemptions on the date of conversion because of the policy concern that to hold otherwise would deprive debtors of their opportunity to exempt from their estate property they acquired after filing their chapter 13 petition. As support for this holding, the court cited an emerging body of case law interpreting the nascent Bankruptcy Code to require that, "in a case converted from chapter 13 to chapter 7, the property of the estate consists of all property in which the debtor has an interest on the date of conversion." *Id.* at 1090 (internal citations omitted). The court reasoned that "[i]f the date of conversion controlled what is property of the estate," then debtors should be afforded an opportunity to exempt assets that came into the estate after filing their chapter 13 petition, and, accordingly, the conversion date must control what property may be exempted in cases converted from chapter 13 to chapter 7. *Id.* "Only if the same date controls what is property of the estate and what exemptions may be claimed can the debtor make full use of exemption laws." *Id.*

The tension between the policy concern articulated by the *Lindberg* court and the plain language of § 348(a) and § 522 gave rise to a split in the case law between courts applying a *Lindberg*-like policy approach and courts applying a plain meaning analysis of the Code provisions. The courts wrestling with this issue confronted two forms of postpetition, pre-conversion changes in circumstances that revealed the significance of determining whether the petition date or the conversion date

7

controlled a debtor's eligibility for exemptions: first, changes in the facts of the case, such as the Lindbergs moving from their home to their farm postpetition but pre-conversion; and second, changes in the applicable law, such as a state amending its homestead statute in the postpetition, pre-conversion period to provide a more generous homestead exemption.  In either situation, a debtor's potential eligibility for exemptions had shifted between the petition date and the conversion date.  Whether dealing with a change in fact or change in law, the courts following the *Lindberg* policy approach tended to hold that the conversion date controlled a debtor's eligibility for exemptions while courts taking a stricter plain meaning approach tended to hold that the petition date controlled.  *Compare In re Lindberg*, 735 F.2d at 1091 ("[T]he equities in this case further support our conclusion that the Lindbergs were entitled to claim a homestead exemption in their farm upon conversion."), *and In re Winchester*, 46 B.R. 492, 495 (9th Cir. BAP 1984) ("[L]ogic dictates that the date of conversion is the controlling date on which to determine the debtors' exemptions and property of the Chapter 7 estate."), *and In re Alderman,* 195 B.R. 106 (9th Cir. BAP 1996) ("[W]e look to the date of conversion to Chapter 7 when determining the debtors' exemptions[.]"), *and In re Dyess*, 65 B.R. 143, 144 (Bankr. W.D. La. 1986) (holding that state law in effect on the conversion date controlled after citing favorably to *Lindberg*), *with In re Marcus*, 1 F.3d 1050, 1052 (10th Cir. 1993) ("[T]he plain language of the statutes dictates the result [ . . .] We hold that the law in effect on the date of filing controls what exemptions will be available to a debtor converting from Chapter 13 to Chapter 7."), *and Matter of Williamson*, 804 F.2d 1355, 1359 (5th Cir. 1986) ("[T]o hold that the conversion date [from chapter 11 to chapter 7] controls exemption eligibility would be tantamount to assuming that conversion creates a new filing date, an assumption that the statutory words preclude."), *and Matter of Sandoval*, 103 F.3d 20, 23 (5th Cir. 1997) ("We are persuaded that our reasoning in *Williamson* should also apply to a determination of exemption rights in a conversion of a chapter 13 to a chapter 7. *Lindberg*'s reasoning that policy reasons justify departing from the plain language of the statute is unpersuasive."), *and In re Schoonover*, 147 B.R. 430,

8

432–33 (Bankr. S.D. Ohio 1992) ("Based upon the plain meaning which emerges from reading § 522 and § 348(a) in conjunction, and finding no convincing reason to go beyond that meaning, this court finds that the debtor is entitled to the $5,000 exemption claimed in her original chapter 13 bankruptcy petition."), *and In re Michael*, 183 B.R. 230, 233 (Bankr.D.Mont.1995) ("[R]ight to exemptions under the Bankruptcy Code, like the Bankruptcy Act, is generally determined by facts as they existed on the date bankruptcy was filed.").

In 1994, Congress amended the Bankruptcy Code in a manner that eliminated the equitable underpinnings of *Lindberg* and its progeny. As part of the Bankruptcy Reform Act of 1994, Congress enacted 11 U.S.C. § 348(f)(1)(A), which provides that property of the estate in a case converted from chapter 13 to chapter 7 is the property of the estate as of the date of the filing of the Chapter 13 petition.[4] This amendment directly contradicts the *Lindberg* court's assertion that property of the estate in a case converted from chapter 13 to chapter 7 includes property that came into the estate after the chapter 13 petition date. It also eliminates the concern that debtors in such cases will not have the opportunity to claim exemptions in property that comes into the estate postpetition. When the Eight Circuit reviewed the *Lindberg* decision in the wake of this amendment, it found that "the equitable concerns underlying *Lindberg* are no longer relevant in light of the Bankruptcy Reform Act of 1994," and that the appropriate date for determining a debtor's eligibility for exemptions in a case converted from chapter 13 to chapter 7 is the petition date. *In re Alexander*, 236 F.3d 431, 432 (8th Cir. 2001).

> It is clear to us that the express language of section 348(f) and its legislative history abrogates the rationale underlying *Lindberg*. [. . .] We conclude that, when read together, section 348(a), 348(f), and 522(b)(2)(A) provide what exemptions are available to the debtor. We therefore hold that *Lindberg*, which was decided before the statute was amended, has been, in effect, overruled by Congress.

---

[4] "Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title -- (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion[.]" 11 U.S.C. § 348(f)(1)(A).

9

*Id.* at 433.

Courts addressing this issue since the enactment of § 348(f) have largely abandoned both the *Lindberg* approach and the *Lindberg* result instead finding that the plain language of the statute dictates that the petition date controls a debtor's entitlement to exemptions in cases converted from chapter 13 to chapter 7.  *See Matter of Sandoval*, 103 F.3d at 23 ("[The enactment of § 348(f)] undercuts *Lindberg* 's assertion that Congress intended that exemptions should be determined as of the time of conversion because the property of the estate is determined as of conversion*."); In re Naveira Melendez*, 2014 WL 4656516, at *3 (Bankr. D. P.R. Sept. 17, 2014) (rejecting debtor's invitation to apply the *Lindberg* court's approach); *In re Weed*, 221 B.R. 256, 258 (Bankr. D. Nev. 1998) ("The amendment [adding § 348(f)] thus clarifies the property to be included in the debtor's postconversion Chapter 7 estate. As a result of the amendment, the concerns of *Winchester* and *Alderman* as to after-acquired property have been resolved").  *But see In re Wegner*, 243 B.R. 731, 736–37 (Bankr. D. Neb. 2000) (finding debtor's eligibility for homestead exemption in converted case to be determined as of date of conversion "[f]or the reasons expressed in *In re Lindberg*.").

With the above history in mind and after conducting a review of the interplay between the Code provisions in question, the Court is persuaded that when determining a debtor's eligibility for exemptions under § 522(b)(3)(A) in a case converted from chapter 13 to chapter 7, the controlling date for both facts and law is the date of the filing of the chapter 13 petition.  In the instant case, the Debtors have chosen to exempt property under § 522(b)(3)(A) which provides, in relevant part, that the Debtors may exempt from the bankruptcy estate "any property that is exempt under [. . .] State or local law that is applicable on the date of the filing of the petition[.]"  11 U.S.C. § 522(b)(3)(A).  Admittedly, while this language makes clear that the controlling law is that which is applicable on the petition date, it leaves some ambiguity as to whether the facts as they existed on the petition date control.  This ambiguity leaves open the possibility that, in certain limited circumstances, a debtor may claim an exemption on

10

the basis of a postpetition change in facts, such as the recovery by the trustee of an involuntary transfer or the receipt of an inheritance within 180 days of the petition date. *See* 11 U.S.C. § 522(g) (permitting a debtor to exempt certain property recovered by the trustee postpetition); Fed. R. Bankr. P. 1007(h) (addressing the possibility that a debtor may seek to exempt property that is acquired postpetition but comes into the bankruptcy estate by virtue of 11 U.S.C. § 541(a)(5)). Such circumstances are exceptions to the general rule that the petition date controls a debtor's entitlement to exemptions, and they are supported by specific Code provisions or procedural rules that evidence a legislative intent to carve out limited exceptions. There are no such Code provisions or procedural rules that indicate a congressional intent to deviate from the general rule in cases converted from chapter 13 to chapter 7.

The conversion of the Debtor's case from one chapter to another "does not advance the filing date of the petition to the date of conversion." *Matter of Sandoval*, 103 F.3d at 22 (citing 11 U.S.C. § 348(a)). The relevant property of the estate in a case converted from chapter 13 to chapter 7 is that which existed on the petition date. *See* 11 U.S.C. § 348(f)(1)(A). The enactment of § 348(f) has foreclosed the *Lindberg* equitable analysis upon which contrary interpretations of § 522 and § 348(a) were based. Further, the *Lindberg* concern that debtors will not have an opportunity to exempt property that comes into the estate postpetition is weakest in cases such as this one where the Debtors did actually own the relevant property on the petition date and had the opportunity to exempt it had they been eligible. In sum, the Court sees no sound footing in either statutory interpretation or equitable analysis upon which it may venture away from the majority of courts that have addressed this issue since the enactment of § 348(f). Therefore, for the Debtors in the instant case to be eligible to exempt the Plainville Property, they must have been able to exempt it under applicable state or local law as of the chapter 13 petition date.

The applicable state law in this case is Mass. Gen. Laws ch. 188, § 4, which provides that an automatic homestead exemption exists "in a home for the benefit of the owner and the owner's family

members who occupy or intend to occupy the home as a principal residence." MASS. GEN. LAWS ch. 188, § 4. It is undisputed that as of the petition date, neither of the Debtors occupied or intended to occupy the Plainville Property as their principle residence.[5] Therefore, neither Mr. Kuceris nor Mrs. Kuceris was entitled to claim an exemption under MASS. GEN. LAWS ch. 188, § 4 as of the petition date, and neither may claim an exemption under § 522(b)(3)(A). No provision in the Bankruptcy Code states that conversion to chapter 7 changes this result.

The Debtors cite a line of cases in which courts have allowed chapter 7 debtors to claim exemptions in property acquired postpetition, such as an inheritance that comes into the bankruptcy estate postpetition under 11 U.S.C. § 541(a)(5). None of these cases had been converted from chapter 13. Further, none of these cases mirror the factual situation of the instant case where the Debtors *did*, in fact, own the property they are attempting to exempt as of the petition date. The scenario in which a debtor acquires property postpetition that comes into the bankruptcy estate raises different equitable concerns and brings different provisions of the Bankruptcy Code and the Bankruptcy Rules into the mix. As noted above, in the case of certain property acquired postpetition that comes into the bankruptcy estate, specific Code provisions and procedural rules may indicate an exception to the general rule that the petition date controls a debtor's eligibility for exemptions. *See* 11 U.S.C. § 541(a)(5); Fed. R. Bankr. P. 1007(h). The Debtors are unable to cite any such Code provisions or rules that evidence an exception for converted cases. Simply put, the cases cited by the Debtors are inapposite to the case at hand and do not change the analysis set forth above.

For the above reasons, the Trustee's Objection to the Debtors' claim of homestead exemption in the Plainville Property under § 522(b)(3) and MASS. GEN. LAWS ch. 188, § 4 must be sustained. The Court does not reach the argument raised by the Trustee that Mr. Kuceris's mother, Valerija Kuceris, may not

---

[5] Indeed, Mrs. Kuceris appears never to have resided at the Plainville Property and would be ineligible to claim an exemption in said property regardless of whether the petition date or conversion date controlled her eligibility.

"succeed on a claim of exemption in the Plainville Property." The Debtors have not claimed an exemption in the Plainville Property on that basis, and, therefore, that issue is not properly before the Court. In claiming an exemption in the Plainville Property, the Debtors were not relying on the validity of Valerija's possible exemption in the same property. Additionally, Valerija is not a party to this proceeding. Any adjudication of Valerija's rights would be inappropriate at this time.

**V.     Conclusion**

For the reasons set forth above, the Court will enter a separate order sustaining the Trustee's Objection to the Debtors' claim of homestead exemption in the Plainville Property.

Date: September 2, 2016

_____
Frank J. Bailey
United States Bankruptcy Judge